Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Devin Irene Dudley**

Case No. **21-30073**
CHAPTER 13 PLAN ☑ Modified
Dated: **November 14, 2022**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ **6,150.00** .

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $150.00 | 11/2022 | 1/2024 (15 payments) | $2,250.00 |
| | | TOTAL: | $2,250.00 |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee  **0.00** .
2.5 The debtor will pay the trustee a total of $ **8,400.00**   [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **840.00**   [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Wells Fargo Hm Mortgage** | **510 1st Street Northeast Hayfield, MN 55940** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Wells Fargo Home Mortgage |  |  |  |  |  |  | $988.71 |
|  |  |  |  |  |  |  | TOTAL | $988.71 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|      | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|------|----------|-------------|---------------------|-----------------|---------------|--------------------|------------------------------------------------|-----------------|
| 10.1 | Attorney Fees | $3,313.00 |  |  |  |  | $3,313.00 | $3,313.00 |
| 10.2 | Attorney Fees | $500.00 |  |  |  |  | $500.00 | $500.00 |
| 10.3 | Attorney Fees | $800.82 |  |  |  |  | $800.82 | $800.82 |
| 10.4 | Attorney Fees | $850.00 | 11/2022 | $21.00 | 15 | $850.00 |  | $850.00 |
| 10.5 | IRS | $1.00 |  | pro-rata | pro-rata | $1.00 |  | $1.00 |
| 10.6 | MN Department of Revenue | $1.00 |  | pro-rata | pro-rata | $1.00 |  | $1.00 |
|      |          |             |                     |                 |               |                    | TOTAL | $5,465.82 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|----------|-------------|---------------------|-----------------|---------------|--------------------|------------------------------------------------|-----------------|
| -NONE-   |             |                     |                 |               |                    |                                                |                 |
|          |             |                     |                 |               |                    | TOTAL                                          | $0.00           |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|--------------------------|------------------------|----------------------|-----------------|---------------|------------------|------------------------------------------------|------------------|
| -NONE-   |                          |                        |                      |                 |               |                  |                                                |                  |
|          |                          |                        |                      |                 |               |                  | TOTAL                                          | $0.00            |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,105.47**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **10,535.05** .

13.3    Total estimated unsecured claims are $ **10,535.05**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|----------|--------------------------------------------------------------------------------|
| -NONE-   |                                                                                |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in

this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **16.1** | **The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case.  Individual debtors shall be entitled to retain the first $1,200.00 of refunds and joint debtors shall be entitled to retain the first $2,000.00 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit.  Any remaining amounts shall be turned over to the Chapter 13 Trustee as an additional plan payment.**<br><br>**Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service for a claim attributable to the taxable year in which the case concerning such debtor(s) was filed.  The trustee shall pay the claim, but only to the extent funds are available.**<br><br>**Approval not required to incur post-petition debt - Approval by the court, or by the trustee, shall not be required prior to the debtor incurring a consumer debt while this case is pending and is subject to 1305(a)(2).**<br><br>***Debtor will retain her full 2021 tax refunds for additional unforseen vehicle repairs and monthly bills not accounted for in the debtor's budget.**<br><br>****Debtor was approved through the Home Help Program to have her pre-petition and post-petition mortgage arrears paid. Therefore, the mortgage arrears originally listed in Part 6 have been removed.** |
| **16.2** | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | **840.00** |
| Home mortgages in default [Part 6] | $ | **988.71** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **5,465.82** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,105.47** |
| TOTAL (must equal line 2.5) | $ | **8,400.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Robert Thyen**
　　　　**Robert Thyen**
　　　　Attorney for debtor or debtor if pro se

Signed: **/s/ Devin Irene Dudley**
　　　　**Devin Irene Dudley**
　　　　Debtor 1

Signed: _____
　　　　Debtor 2 (if joint case)

REVISED 12/15

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re
    Devin Irene Dudley

Case No. 21-30073

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [Individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 11/14/2022

_____    X _____
Signature of Debtor 1 or Authorized    Signature of Debtor 2
Representative

Devin Irene Dudley
_____    _____
Printed Name of Debtor 1 or    Printed Name of Debtor 2
Authorized Representative

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br>DEVIN DUDLEY | CASE NO: 21-30073<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 11/14/2022, I did cause a copy of the following documents, described below,

Amended Service Letter

Post Confirmation Notice of Hearing and Motion to Confirm Modified Plan

Modified Plan

Sig Dec

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/14/2022

/s/ Robert S. Thyen
Robert S. Thyen  032288X

Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN  56301
320 654 8000
erin@hellerthyen.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br><br>DEVIN DUDLEY | CASE NO: 21-30073<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 11/14/2022, a copy of the following documents, described below,

Amended Service Letter

Post Confirmation Notice of Hearing and Motion to Confirm Modified Plan

Modified Plan

Sig Dec

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/14/2022

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Robert S. Thyen
Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN  56301

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL (VIA NCRS OR LISTED ADDRESS). PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CASE INFO | EXCLUDE | EXCLUDE |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 21-30073<br>DISTRICT OF MINNESOTA<br>MON NOV 14 9-44-56 PST 2022 | (U)WELLS FARGO BANK NA | ST PAUL<br>200 WARREN E BURGER FEDERAL BUILDING<br>AND US COURTHOUSE<br>316 N ROBERT ST<br>ST PAUL MN 55101-1495 |
| ALTRA FEDERAL CREDIT UNION<br>1700 OAK FOREST DRIVE<br>ONALASKA WI 54650-3500 | ALTRA FEDERAL CU<br>1700 OAK FOREST DRIVE<br>ONALASKA WI 54650-3500 | CAPITAL ONE<br>PO BOX 60599<br>CITY OF INDUSTRY CA 91716-0599 |
| CREDIT ONE BANK<br>PO BOX 60500<br>CITY OF INDUSTRY CA 91716-0500 | FINGERHUT<br>PO BOX 166<br>NEWARK NJ 07101-0166 | FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS SD 57107-0145 |
| IRS<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | LVNV FUNDING LLC<br>CO RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | LAW OFFICE OF MICHELE G GREER<br>801 TWELVE OAKS CENTER DRIVE<br>STE 819<br>WAYZATA MN 55391-4635 |
| LVNV FUNDING LLC<br>PO BOX 10497<br>GREENVILLE SC 29603-0497 | LVNV FUNDING LLC<br>CO RESURGENT CAPITAL SERVICES<br>PO BOX 10497<br>GREENVILLE SC 29603-0497 | MN DEPARTMENT OF REVENUE<br>COLLECTIONS BKY SECTION<br>PO BOX 64447<br>SAINT PAUL MN 55164-0447 |
| MESSERLI KRAMER PA<br>3033 CAMPUS DRIVE SUITE 250<br>PLYMOUTH MN 55441-2662 | MIDLAND CREDIT MANAGEMENT<br>2365 NORTHSIDE DR STE 300<br>SAN DIEGO CA 92108-2710 | OLMSTED MEDICAL CENTER<br>LAW OFFICE OF MICHELE G GREER<br>801 TWELVE OAKS DR SUITE 819<br>WAYZATA MN 55391-4635 |
| | | EXCLUDE |
| OLMSTED MEDICAL CENTER<br>210 9TH STREET SOUTHEAST<br>ROCHESTER MN 55904-6400 | (P)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | (D)(P)PORTFOLIO RECOVERY ASSOCIATES LL<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| PREMIER BANKCARD LLC<br>JEFFERSON CAPITAL SYSTEMS LLC ASSIGNEE<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | RESURGENT CAPITAL SERVICES LP<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | US TRUSTEE<br>1015 US COURTHOUSE<br>300 S 4TH ST<br>MINNEAPOLIS MN 55415-3070 |
| EXCLUDE | | |
| (D)WELLS FARGO BANK NA | WELLS FARGO BANK NA<br>MAC N928601Y<br>PO BOX 1629<br>MINNEAPOLIS MN 55440-1629 | WELLS FARGO HM MORTGAG<br>PO BOX 10335<br>DES MOINES IA 50306-0335 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL, THE LISTED ADDRESS
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" RECEIVED NOTICE THROUGH THE CM/ECF SYSTEM

DEBTOR

DEVIN IRENE DUDLEY
510 1ST STREET NORTHEAST
HAYFIELD  MN 55940-8904

GREGORY A BURRELL
100 SOUTH FIFTH STREET
SUITE 480
MINNEAPOLIS  MN 55402-1250

ROBERT S THYEN
HELLER  THYEN  PA
606 25TH AVE SOUTH
SUITE 110
ST CLOUD  MN 56301-4810